RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE   10 / 10 / 13
BY

UNITED STATES DISTRICT COURT                         a
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOSE RAMON PEREZ | DOCKET NO. 13-CV-902; SEC. P |
| VERSUS | JUDGE TRIMBLE |
| ERIC HOLDER, JR., ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Jose Ramon Perez filed the instant civil rights complaint pursuant to 42 U.S.C. §1983.  Plaintiff is incarcerated at the LaSalle Detention Center in Trout, Louisiana. He seeks monetary damages for violation of his constitutional rights.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

Plaintiff was ordered to amend his complaint to provide basic factual allegations. [Doc. #12]  The order was returned as undeliverable, and Plaintiff has not apprised the Court of his new address.

Federal Rule of Civil Procedure Rule (FRCP) 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order...."  The district court also has the inherent authority to dismiss an action sua sponte, without motion by a defendant.  See Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to

avoid congestion in the calendars of the [d]istrict [c]ourts."
McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).

Also,Local Rule 41.3 for the Western District of Louisiana provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days."

### Conclusion

**FOR THE FOREGOING REASONS, IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with FRCP 41(b) for his failure to comply with the Court's order and Rule 41.3 of the Local Rules for the Western District of Louisiana for failing to keep the court apprised of an address change.

### Objections

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _10th_ day of October, 2013.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE